## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Demetrius Jarod Smalls, #286806,   ) | Case No. 2:25-cv-00032-RMG-MGB |
| )  | |
| Plaintiff,   ) | |
| )  | |
| v.   ) | **REPORT AND RECOMMENDAITON** |
| )  | |
| David Wolf; David Holton;   ) | |
| D. Ashley Pennington;   ) | |
| Danielle Fairman; and Agent Potts,   ) | |
| )  | |
| Defendants.   ) | |
| )  | |

Demetrius Jarod Smalls ("Plaintiff"), a state prisoner proceeding *pro se*, brings this civil action seeking immediate release from custody. (Dkt. No. 1.) At issue before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. (Dkt. No. 10.) Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the assigned United States Magistrate Judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the United States District Judge. For the reasons discussed below, the undersigned finds that Plaintiff is subject to the three-strikes rule under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321–71 (1996) ("PLRA"), and therefore recommends that the Court deny his motion to proceed *in forma pauperis*.

## BACKGROUND

Plaintiff is currently serving a twenty-five-year prison sentence for armed robbery, assault and battery with intent to kill, and kidnapping.[1] Throughout the course of his incarceration,

---

[1] The undersigned takes judicial notice of the records filed in Plaintiff's underlying criminal proceedings. *See* Public Index, https://jcmsweb.charlestoncounty.gov/PublicIndex/ (searching Indictment Nos. 2006-GS-10-1253 through -1256) (last visited July 30, 2025); *see also Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Aloe Crème Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009) (noting that the court may also take judicial notice of factual information located in postings on government web sites).

Plaintiff has filed at least sixteen civil actions before this Court, almost all of which have been summarily dismissed.[2] Plaintiff now brings yet another civil action demanding that he be released from State custody pursuant to the "Alien Tort Statute" (28 U.S.C. § 1350) because he is "being held in prison and/or slavery (bondage) without a sentence, conviction, classification, or release date." (Dkt. No. 1 at 3.) Although the pleading is largely nonsensical, Plaintiff seems to suggest that he is not an American citizen, but rather, "a foreign national" based on certain ancestry DNA results, and that he has the right to "ex-patriate himself from the United States' possession." (*Id.* at 1–2.) In further support of his release, Plaintiff contends that the United States "[can]not be recognized as having any sense of a legal existence," and that his continued incarceration is a "hate crime being committed against [him] because of [his] race, color, origin, ethnicity, [and] nationality." (*Id.* at 3, 5.) Attached to Plaintiff's Complaint is a series of disorganized, miscellaneous "exhibits," including internal inmate request forms, restrictive housing placement notifications, a disciplinary report and hearing record, and various letters received by Plaintiff. (Dkt. Nos. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9.)

Upon reviewing Plaintiff's initial filings in this action, the undersigned issued an order notifying him that his case was not in proper form, as he had failed to pay the requisite filing fee or seek leave to proceed *in forma pauperis*. (Dkt. No. 5.) The undersigned then afforded Plaintiff twenty-one days, plus three days for mail time, to pay the $405.00 fee or submit a properly

---

[2] *See Smalls v. Stirling*, Case No. 9:24-cv-7272-DCN (pending); *State of South Carolina v. Smalls*, Case No. 9:24-cv-5632-RMG (D.S.C. Mar. 7, 2025) (summarily dismissed); *Smalls v. Stirling*, Case No. 2:21-cv-2025-RMG (D.S.C. Oct. 22, 2021) (summarily dismissed); *Smalls v. S.C. Attorney General*, Case No. 2:17-cv-208-RMG (D.S.C. Feb. 24, 2017) (summarily dismissed); *Smalls v. Sterling*, Case No. 2:16-cv-4005-RMG (D.S.C. May 11, 2017) (summarily dismissed); *Smalls v. Sterling*, Case No. 2:16-cv-3881-RMG (D.S.C. Jan. 3, 2017) (summarily dismissed); *Smalls v. Gergel*, Case No. 4:16-cv-3645-BHH (D.S.C. Aug. 23, 2017) (summarily dismissed); *Smalls v. Wilson*, Case No. 2:16-cv-2676-RMG (D.S.C. Sept. 9, 2016) (summarily dismissed); *Smalls v. Gergel*, Case No. 8:16-cv-2582-MGL (D.S.C. Sept. 7, 2016) (summarily dismissed); *Smalls v. Wilson*, Case No. 2:15-cv-4014-MBS (D.S.C. May 11, 2016) (summarily dismissed); *Smalls v. Warden Lieber Correctional Institution*, Case No. 2:15-cv-2782-RMG (Oct. 14, 2015) (summarily dismissed); *Smalls v. Wilson*, Case No. 2:15-cv-2510-RMG (D.S.C. Oct. 14, 2015) (summarily dismissed*); Smalls v. Nicholson*, Case No. 2:14-cv-3215-RMG (D.S.C. Sept. 29, 2014) (summarily dismissed); *Smalls v. Michel*, Case No. 2:14-cv-958-RMG (D.S.C. May 28, 2014) (summarily dismissed); *Smalls v. Owens*, Case No. 2:13-cv-3374-RMG (D.S.C. Jan. 9, 2014) (summarily dismissed); *Smalls v. McFadden*, Case No. 2:13-cv-2651-RMG (D.S.C. July 18, 2014).

completed Application to Proceed Without Prepayment of Fees ("Form AO 240"), which is construed as a motion for leave to proceed *in forma pauperis*. (*Id.* at 1.) The undersigned warned Plaintiff, however, that he appeared to be subject to the "three-strikes rule" under the PLRA "based on [his] long history of filing frivolous lawsuits," such that he would have to pay the filing fee absent some "showing of imminent danger." (*Id.* at 2.)

When Plaintiff failed to respond to the undersigned's instructions within the time permitted, the Court granted him one final opportunity to bring his case into proper form. (Dkt. No. 8.) Plaintiff then filed a motion for leave to proceed *in forma pauperis*, attesting that he does not have sufficient funds to prepay the filing fee at this time. (Dkt. No. 10.)

## **APPLICABLE LAW**

The PLRA requires that this Court engage in a preliminary screening of any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify "cognizable claims or dismiss the complaint, or any portion [thereof, that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). As part of this screening process, the PLRA limits the ability of prisoners to file civil actions without prepayment of the filing fee under what has become known as the "three-strikes rule." *Jones v. Bock*, 549 U.S. 199, 203–04 (2007). The three-strikes rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Thus, "[w]hen a prisoner has previously filed at least three actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the [PLRA's] 'three strikes' provision requires that the prisoner demonstrate imminent danger of serious physical injury in order to proceed without prepayment of fees." *McLean v. United States*, 566 F.3d 391, 393–94 (4th Cir. 2009) (citing 28 U.S.C. § 1915(g)), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020);[3] *see also Graham v. Riddle*, 554 F.2d 133, 134–35 (4th Cir. 1977) (explaining that the court has the authority to deny cost-free filing where the plaintiff is "abus[ing] the process of the courts" by filing frivolous, repetitive complaints). Without a showing of imminent danger, the prisoner must prepay the filing fee in full in order to proceed with his claims. 28 U.S.C. § 1915(g).

## DISCUSSION

As demonstrated above, Plaintiff is a prolific litigant who has now filed at least sixteen unsuccessful civil actions in this Court. Notably, at least three of Plaintiff's prior cases have constituted "strikes" under the PLRA: *Smalls v. Sterling*, No. 2:16-cv-4005-RMG-MGB, 2017 WL 9250343 (D.S.C. Apr. 18, 2017), *adopted*, 2017 WL 1957471 (D.S.C. May 11, 2017) (summarily dismissing case with prejudice for failure to state a claim and frivolousness); *Smalls v. Gergel*, No. 4:16-cv-3645-BHH-TER, 2017 WL 9288197 (D.S.C. Mar. 22, 2017), *adopted*, 2017 WL 3613875 (D.S.C. Aug. 23, 2017) (summarily dismissing case with prejudice for failure to state a claim and frivolousness); *Smalls v. Wilson*, No. 2:15-cv-4014-MBS-MGB, 2015 WL 13732643 (D.S.C. Nov. 10, 2015), *adopted*, 2016 WL 2731064 (D.S.C. May 11, 2016) (summarily dismissing case with

---

[3] In *Lomax v. Ortiz-Marquez*, the Supreme Court abrogated the *McLean* holding that a dismissal without prejudice for failure to state a claim does not constitute a strike under the PLRA. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 (2020) (holding that regardless of whether the dismissal is with or without prejudice, the dismissal of a prisoner's civil lawsuit, for failure to state a claim, counts as a strike under the PLRA's three-strikes rule for purposes of considering IFP status).

4

prejudice for failure to state a claim, frivolousness, and maliciousness), *aff'd*, 670 F. App'x 803 (4th Cir. 2016). Consequently, this Court previously determined that Plaintiff is subject to the three-strikes rule and may no longer proceed *in forma pauperis* absent a showing of imminent physical harm. *See State of South Carolina v. Smalls*, Case No. 9:24-cv-5632-RMG, 2025 WL 714227 (D.S.C. Jan. 17, 2025), *adopted*, 2025 WL 713824, at *1 (D.S.C. Mar. 5, 2025).

Thus, as the undersigned previous warned (Dkt. No. 5 at 2), Plaintiff cannot proceed *in forma pauperis* in the instant case unless his claims satisfy the exception for imminent physical harm provided by the three-strikes rule. *See* 28 U.S.C. § 1915(g). To invoke the "imminent danger" exception under § 1915(g), an "inmate must make specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006). Allegations that are vague, speculative, or hypothetical do not rise to the level of "imminent danger." *See Smith v. Geise*, No. 3:16-cv-3230-TMC-BM, 2017 WL 1047250, at *3 (D.S.C. Jan. 17, 2017), *adopted*, 2017 WL 1035962 (D.S.C. Mar. 17, 2017) (noting that "[g]eneral and vague allegations of harm and unspecific references to injury, even when liberally construed, are insufficient" to invoke the "imminent danger" exception); *Welch v. Selsky*, No. 9:06-cv-00812-LEK-DEP, 2008 WL 238553, at *5 (N.D.N.Y. Jan. 28, 2008) ("The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical.").

Despite the undersigned's warning, Plaintiff has neither alleged nor shown that he is in imminent danger of serious physical harm. The three-strikes rule therefore bars Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 10.) To that end, Plaintiff may proceed with this action only if he pays the full filing fee for a non-habeas civil complaint.[4]

---

[4] Plaintiff must pay the standard $350.00 filing fee and the additional $55.00 administrative fee set by the Judicial Conference. The $405.00 check for the filing fee should be made payable to "Clerk, U.S. District Court."

## CONCLUSION

Based on the above, it is **RECOMMENDED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 10) be **DENIED**. It is further recommended that Plaintiff be given twenty-one days from the date the United States District Judge rules on this Report and Recommendation to pay the filing fee, and that the Clerk of Court withhold entry of judgment until such time for payment expires.

If Plaintiff pays the filing fee within the prescribed period of time, the Clerk of Court should forward this action to the undersigned for further initial review to determine if service of process should be authorized. If Plaintiff fails to pay the filing fee, however, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice pursuant to the three-strikes rule under 28 U.S.C. § 1915(g).

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

July 31, 2025
Charleston, South Carolina

Plaintiff's attention is directed to the **important notice** on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).